**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                     No. 95-7792

ANGELA COLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert R. Merhige, Jr., Senior District Judge, sitting by designation.
(CR-88-184, CA-93-138)

Submitted: July 16, 1996

Decided: August 8, 1996

Before WILLIAMS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Angela Coley, Appellant Pro Se. Thomas Oliver Mucklow, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant appeals from the district court's denial of her motion to vacate her sentence filed under 28 U.S.C. § 2255 (1988), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1217. We affirm.

This is Appellant's second § 2255 motion. Her first motion was denied by the district court. The district court found that Appellant failed to receive proper notice of the denial of that first motion. To remedy the loss of an opportunity for appeal on the issues raised in the first motion, the court treated this claim of lack of notice as restating all the claims raised in the first motion. The district court denied these claims for the reasons stated in its order denying the first motion. Appellant appealed and we have before us for review claims from both motions.

We affirm as to the two claims raised in the second motion on the reasoning of the district court. United States v. Coley, No. CR-88-184; CA-93-138 (N.D.W. Va., Oct. 2, 1995). We affirm the denial of relief on all of the remaining claims except one on the reasoning of the district court's first order denying § 2255 relief. United States v. Coley, No. CR-88-184 (N.D.W. Va., Mar. 18, 1993). The remaining claim is that Appellant was subjected to double jeopardy because she was convicted of violating both 21 U.S.C. § 841(a) (1988) and 21 U.S.C.A. § 845a (West Supp. 1996) (now codified at § 860). We reject this claim because Appellant was convicted only of the § 845a offense. The recitation of both statutory provisions in the indictment, plea agreement, and judgment results from the fact that § 845a enhances the punishment for § 841(a) offenses committed near a school. The language describing the nature of the offense of conviction in all of these instruments, the punishment, and the special assessment show that Appellant was convicted only of the § 845a offense. Therefore, Appellant was not subjected to double jeopardy.

We therefore affirm the denial of relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2